UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNEESSE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 3:21-00237 |
| v. | ) | |
| | ) | 18 U.S.C. § 1028A |
| | ) | 18 U.S.C. § 1030 |
| | ) | 18 U.S.C. § 1956 |
| NICHOLAS D. BURKS | ) | 18 U.S.C. § 1957 |

# INDICTMENT

THE GRAND JURY CHARGES:

At all times material to this Indictment:

1.  **NICHOLAS D. BURKS** was a resident of the Middle District of Tennessee.

2.  COMPANY is a company in the technology sector with operations in Nashville, Tennessee.

3.  **NICHOLAS D. BURKS** was employed by COMPANY beginning in 2010. He was terminated for performance related reasons and escorted from COMPANY's premises on or about March 7, 2019. On that same day, the Company revoked **BURKS'** authorization to access Company's computer network systems and devices. Prior to his termination on March 7, 2019, **BURKS** surreptitiously acquired an unassigned COMPANY laptop (hereinafter "Laptop"), which was protected from unauthorized access by login credentials. After **BURKS** was escorted from the Company's premises on March 7, 2019, the Laptop was used on multiple occasions to access a virtual private network service.

4.  From on or about March 12, 2019, to March 14, 2019, at a time when he had no authorization to access Company's systems, **NICHOLAS D. BURKS** used the Laptop and the login credentials of "M.S." to log into Company's computer network systems and download a

1

large amount of data from the COMPANY's network. **BURKS**, having accessed COMPANY's global network, caused certain of COMPANY's confidential, protected information to be downloaded to one or more external storage device.

5. On July 31, 2019, **NICHOLAS D. BURKS**, through an encrypted email service, sent an email message to COMPANY executives threatening to publish or otherwise impair the confidentiality of the stolen information. Through that email, **BURKS** demanded that COMPANY pay a ransom in bitcoin to prevent the publication or release of the stolen information.

6. From on or about August 2, 2019, to August 7, 2019, COMPANY, through an agent and in response to **NICHOLAS D. BURKS**'s demand, made incremental payments of bitcoin delivered to certain accounts as directed by **BURKS**. Over the course of the transactions, **BURKS** received bitcoin totaling approximately $300,000 in value.

7. In an attempt to obfuscate the destination bitcoin "wallet," **NICHOLAS D. BURKS** utilized multiple blockchain addresses and a system known as a "tumbler" through which he passed the extorted bitcoin before receiving COMPANY funds in his Coinbase account.

8. **NICHOLAS D. BURKS** transferred a portion of the proceeds from the extortion, once converted from bitcoin to United States dollars, from his Coinbase account into one or more financial accounts associated with entities he controls or controlled at all times relevant to this Indictment, including Raffle of the Day, LLC, and Media Scout Advertising, LLC.

9. **NICHOLAS D. BURKS** transferred a portion of the proceeds from the extortion, once converted from bitcoin to United States dollars, from his Coinbase account into PayPal Account *0821, an account associated with Raffle of the Day. According to its website www.raffleoftheday.com, Raffle of the Day purports to be a company that provides online raffles of, among other things, luxury consumer goods and automobiles.

10. **NICHOLAS D. BURKS** transferred from his Coinbase account a portion of the extortion proceeds into one or more financial accounts associated with another business **BURKS** controls, Media Scout Advertising, LLC, including multiple transactions into PayPal Account *8782, an account associated with Media Scout Advertising, LLC.

11. On or about August 5, 2019, **NICHOLAS D. BURKS** transferred funds from Media Scout PayPal *8772 to Bank of America Account No. *6318, a bank account of Media Scout Advertising, LLC. **BURKS** used the funds deposited into the Media Scout Advertising Bank of America No. *6318 to obtain a cashier's check to purchase a 2017 Mercedes Benz E43 from a dealership located in the Middle District of Tennessee.

## COUNT ONE

THE GRAND JURY FURTHER CHARGES:

Paragraphs 1 through 11, above, are re-alleged and incorporated by reference as though fully set forth herein.

Between on or about March 12, 2019, and on or about March 14, 2019, within the Middle District of Tennessee and elsewhere, **NICHOLAS D. BURKS** intentionally accessed a computer without authorization and thereby obtained information from a protected computer, and the offense was committed for purposes of commercial advantage and private financial gain.

In violation of Title 18 United States Code, Sections 1030(a)(2) and (c)(2)(B)(i).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Paragraphs 1 through 11, above, are re-alleged and incorporated by reference as though fully set forth herein.

Between on or about March 12, 2019, and on or about March 14, 2019, within the Middle

3

District of Tennessee and elsewhere, **NICHOLAS D. BURKS**, did knowingly possess and use, without lawful authority, a means of identification of another person, "M.S.," during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit 18 U.S.C. § 1030(a)(2), knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

Paragraphs 1 through 11, above, are re-alleged and incorporated by reference as though fully set forth herein.

On or about July 31, 2019, within the Middle District of Tennessee and elsewhere, **NICHOLAS D. BURKS**, with intent to extort from persons money and other things of value, transmitted in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization.

In violation of Title 18, United States Code, Section 1030(a)(7) and (c)(3)(A).

## COUNTS FOUR THROUGH TWENTY-THREE

THE GRAND JURY FURTHER CHARGES:

Paragraphs 1 through 11, above, are re-alleged and incorporated by reference as though fully set forth herein.

On or about the dates set forth below, in the Middle District of Tennessee and elsewhere, **NICHOLAS D. BURKS** did knowingly conduct and attempt to conduct financial transactions or a series of financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is computer fraud in violation of 18 U.S.C. § 1030(a)(2) and (7), knowing that the transactions were designed in whole and in part to conceal

and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions or series of financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| COUNT | APPROXIMATE TRANSACTION DATE | DESCRIPTION | SOURCE | AMOUNT |
|---|---|---|---|---|
| 4 | August 4, 2019 | Transfer from Coinbase to Raffle of the Day PayPal Account *0821 | Fraud proceeds | $10,000 |
| 5 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $5,000 |
| 6 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 7 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 8 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 9 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 10 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 11 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 12 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 13 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $3,053 |
| 14 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 15 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 16 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 17 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 18 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 19 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 20 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |

| COUNT | APPROXIMATE TRANSACTION DATE | DESCRIPTION | SOURCE | AMOUNT |
|---|---|---|---|---|
| 21 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 22 | August 5, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |
| 23 | August 7, 2019 | Transfer from Coinbase to Media Scout PayPal Account *8782 | Fraud Proceeds | $9,999 |

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT TWENTY-FOUR

THE GRAND JURY FURTHER CHARGES:

Paragraphs 1 through 11, above, are re-alleged and incorporated by reference as though fully set forth herein.

On or about August 6, 2019, in the Middle District of Tennessee, **NICHOLAS D. BURKS** did knowingly engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, as described in each count, below, which represented criminal proceeds from his violation of 18 U.S.C. § 1030(a)(2) and (7), to wit: at a dealership in the Middle District of Tennessee, **BURKS** exchanged a cashier's check in the amount of $54,174.38 drawn on Bank of America Account *6318, a Media Scout Advertising, LLC bank account, to purchase the 2017 Mercedes Benz E43 bearing vehicle identification number WDDZF6EB7HA179524.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction on COUNTS ONE or THREE of this Indictment, **NICHOLAS D. BURKS** shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Sections 982(a)(2)(B) and 1030(i)(B), any property constituting, or derived from, proceeds **BURKS** obtained directly or indirectly, as the result of such access device fraud violation, including a money judgment in an amount to be determined representing the amount of proceeds of the offense. In addition, upon conviction on COUNT ONE or COUNT THREE of this Indictment, **BURKS** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1030(i)(A), his interest in any personal property that was used or intended to be used to commit or to facilitate the commission of the offenses.

3. Upon conviction of any offense alleged in COUNTS FOUR through TWENTY-FOUR of this Indictment, **NICHOLAS D. BURKS** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offenses, or any property traceable thereto.

## SUBSTITUTE PROPERTY

4. If any of the property described above, as a result of any act or omission of **NICHOLAS D. BURKS**:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **BURKS** up to the value of the property listed above as being subject to forfeiture.

A TRUE BILL



FOREPERSON

MARY JANE STEWART
ACTING UNITED STATES ATTORNEY


_____
S. CARRAN DAUGHTREY
ASSISTANT UNITED STATES ATTORNEY

_____
J. MATTHEW BLACKBURN
ASSISTANT UNITED STATES ATTORNEY

_____
ANTHONY V. TEELUCKSINGH
TRIAL ATTORNEY
United States Department of Justice
Computer Crime and Intellectual Property Section
John C. Keeney Building, Suite 600
950 Pennsylvania Avenue
Washington, DC 20530

8